IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY LEE MARTIN,           ) | |
|    Petitioner,        ) | |
| ) | |
| v.                             ) | No. 3:05-CV-220-G |
| ) | |
| WARDEN K.J. WENDT,     ) | |
|    Respondent.     ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

  This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Factual Background**

  Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2241.  Petitioner is an inmate in the federal prison system.  Respondent is Warden K. J. Wendt.

  On September 14, 1994, a federal grand jury for the Eastern District of Texas returned a three count indictment against Petitioner.  Petitioner was charged in count one with violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute more than five grams of cocaine.  Petitioner was charged in count two with a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute five grams or more of crack cocaine.  Petitioner was charged in count three with violation of 18 U.S.C. § 924(c), using or carrying a firearm in the commission of a drug trafficking crime.  *United States v. Martin*, No. 4:94-CR-049-PNB-2 (E.D. Tex, Sept. 14, 1994).

On November 15, 1994, a jury found Petitioner guilty on all three counts. On February 17, 1995, the Court sentenced Petitioner to 120 months each for counts one and two, to run concurrently. The Court added sixty months to run consecutively to Petitioner's sentence because of the gun charge. Petitioner's conviction was affirmed on appeal. *United States v. Martin*, No. 95-40159 (5th Cir. Sept. 11, 1995).

On March 7, 1997, Petitioner filed a motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. On December 2, 1998, the district court denied the motion. The Fifth Circuit Court of Appeals denied a certificate of appealability.

On January 24, 2005, Petitioner filed this petition pursuant to 28 U.S.C. § 2241. He argues that under the Supreme Court's rulings in *Bailey v. United States*, 516 U.S. 137 (1995) and *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), his conviction and sentence are unlawful because: (1) he is legally and factually innocent of the gun charge; and (2) his Sixth Amendment rights were violated.

**II. Discussion**

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Title 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears

that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (2001) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

The savings clause of § 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

The Fifth Circuit makes clear that to fall under the savings clause, the decision that the petitioner is relying on "must be retroactively applicable on collateral review." *Reyes-Requena*, 243 F.3d at 904 (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). In this case, Petitioner relies on the Supreme Court's decisions in *Bailey* and *Booker*.

Regarding Petitioner's claims under *Bailey*, he previously filed a § 2255 motion on March 7, 1997, after *Bailey* was decided. Therefore, his *Bailey* claims do not fall within the savings clause because he has not shown these claims were foreclosed by circuit law when he

filed his § 2255 motion.

Additionally, Petitioner's claims under *Booker* should be dismissed. Petitioner has not shown that *Booker* is retroactively applicable on collateral review. *See In re Elwood*, ___ F.3d ___, 2005 WL 976998, at *1-3 (5th Cir. Apr. 28, 2005) (per curiam) (finding *Booker* is not retroactively applicable in a successive § 2255 petition).

Petitioner has not shown that his claims are (i) based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. His petition under 28 U.S.C. § 2241 should be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be dismissed with prejudice.

Signed July 1, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE